IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SANDRA L. SPESSARD,<br><br>                 Plaintiff,<br><br>v.<br><br>MUTUAL OF OMAHA INSURANCE COMPANY, INC., a Nebraska corporation,<br><br>                 Defendant. | Case No. 8:16-cv-00080-JMG-CR<br><br><br>**PROTECTIVE ORDER** |

      This matter came before the Court upon the Joint Stipulation for Protective Order filed by the parties in the above-captioned matter. The Court, being fully advised in the premises, hereby finds as follows:

      IT IS HEREBY ORDERED that the Joint Stipulation for Protective Order is granted.

      IT IS FURTHER ORDERED that the Parties are limited in their disclosure and use of confidential and proprietary information as follows:

      1.    The parties to this Agreement, Plaintiff, and Defendant have agreed that certain documents and information to be produced in the above-referenced litigation (the "Lawsuit") should be treated as "Confidential Information" and shall be used only for purposes of the Lawsuit. The parties agree that such Confidential Information, as described in Paragraph 2, should be given the protection of an Order of this Court to prevent injury to the parties or others through disclosures to persons other than those persons involved in the prosecution of the Lawsuit. The parties agree that the public's right of access to such information is outweighed by the potentially significant public and private harm to the parties and such information should be protected. While the

information may be produced in connection with the Lawsuit, the use and dissemination of such information should be limited by the terms of this Protective Order to prevent the possibility of subjecting the producing or disclosing party to competitive or financial injury or potential legal liability to third parties. Moreover, by delineating particular information as "Confidential" herein, the parties are not conceding that such information or documents should be produced during the Lawsuit or otherwise, and reserve any and all objections they may have to such production.

2. <u>Confidential Information</u>: Information and documents that may be designated as "Confidential" include, but are not limited to, trade secrets, confidential or proprietary non-public financial information, operational data, business plans, competitive analyses, personal information that is protected by law, confidential patient information, protected health information, or any other identifiable health information as defined by the Health Insurance Protection and Accountability Act ("HIPAA"), and other sensitive information that, if not restricted as set forth in this order, may subject the producing or disclosing person to competitive or financial injury or potential legal liability to third parties. A party shall designate as Confidential Information only such information that the party in good faith believes in fact is confidential. Information that is generally available to the public, such as public filings, catalogues, advertising materials, and the like, shall not be designated as Confidential.

3. For purposes of this Stipulated Protective Order, "protected health information" or "PHI" shall have the same scope and definition as set forth in 45 C.F.R. § 160.103. Without limiting the generality of the foregoing, protected health information or "PHI" includes, but is not limited to, health information, including demographic

information, relating to either (a) the past, present or future physical or mental condition of an individual, (b) the provision of care to an individual, or (c) the payment for care provided to an individual which identifies the individual or which reasonably could be expected to identify the individual.

    4.    All "covered entities" (as defined by 45 C.F.R. § 160.103) are hereby authorized to disclose PHI to all attorneys now of record in this matter or who may become of record in the future of this litigation, pursuant to the terms of this Stipulated Protective Order.

    5.    <u>Disclosure of Confidential Information</u>:   All information or documents produced in this case and designated as Confidential, including, but not limited to, HIPAA-protected health information, may only be disclosed to the following persons:

    a.    the parties, employees of the parties whose assistance is needed by counsel for purposes of this litigation, and the parties' attorneys of record in this action;

    b.    the members or employees of the law firms of the attorneys of record who are involved with the prosecution or defense of the litigation;

    c.    Court personnel and stenographic reporters, engaging in such proceedings as are necessarily incident to the preparation for trial (e.g., depositions) and/or trial of this action;

    d.    any witnesses in trial or deposition;

    e.    any arbitrator, mediator, or other alternative dispute resolution facilitator in front of whom the parties agree to appear or are ordered to appear;

  f. actual or potential independent experts or consultants (and their administrative or clerical staff) engaged in connection with this Lawsuit; and

  g. Graphics or design services firms retained by counsel for a party for purposes of preparing demonstrative or other exhibits for deposition, trial or other proceedings;

  h. Independent document reproduction services or document or video recording and retrieval services;

  i. Non-technical jury or trial consulting services retained by counsel for a party;

  j. The finder of fact or concluder of law; and

  k. such other person as the parties may agree on.

 6. <u>Use of Confidential Information</u>:  All Confidential Information provided by any party or nonparty in the course of the Lawsuit shall be used solely for the purpose of preparation, trial, and appeal of this litigation and for no other purpose, and shall not be disclosed except in accordance with the terms hereof.  Persons obtaining access to information or data designated as "Confidential" shall use the information or data only in conjunction with the Lawsuit and shall not use such information or data for any other purpose.

 7. <u>Marking of Confidential Documents</u>: Documents provided in the Lawsuit may be designated by the producing party or by any party as Confidential Information by marking each page of the documents so designated with a stamp indicating that the information is "Confidential", except that the parties need not separately stamp or declare PHI as "Confidential" for it to qualify and be treated as Confidential Information.

8. <u>Marking of Confidential Deposition Testimony</u>: Information disclosed at (a) the deposition of a party or one of its present or former officers, directors, employees, agents, consultants, representatives, or independent experts retained by counsel for the purpose of this litigation, or (b) the deposition of a nonparty may be designated by any party as Confidential Information by indicating on the record at the deposition that the testimony is "Confidential" and is subject to the provisions of this Order. Any party also may designate information disclosed at a deposition as "Confidential" by notifying all parties in writing not later than 30 days of receipt of the transcript of the specific pages and lines of the transcript that should be treated as "Confidential" thereafter. Each party shall attach a copy of each such written notice to the face of the transcript and each copy thereof in that party's possession, custody, or control. All deposition transcripts shall be treated as "Confidential" for a period of 30 days after initial receipt of the transcript. To the extent possible, the court reporter shall segregate into separate transcripts information designated as Confidential Information with blank, consecutively numbered pages being provided in a non-designated main transcript. The separate transcript containing Confidential Information shall have page numbers that correspond to the blank pages in the main transcript. Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive Confidential Information pursuant to this Order, but such right of exclusion shall be applicable only during periods of examination or testimony during which Confidential Information is being used or discussed. This section shall not apply to PHI, which the parties need not separately designate or identify as "CONFIDENTIAL" for it to qualify and be treated as Confidential Information.

9. <u>Filing Under as Restricted Access or Under Seal</u>:  The party wishing to file any Confidential Information, including HIPAA-protected health information, will file such information as restricted access or under seal on the CM/ECF electronic filing system in a manner consistent with the local rules and procedures of the court.  The producing party will bear the burden of obtaining an order sealing such information.  Alternatively, the parties may agree to, with the consent of the producing party, file only a redacted copy of the information.  This paragraph, however, shall not prevent the use of any information or data designated as Confidential in connection with mediation, motions, or other Court-ordered proceedings, provided that the use of the documents/information is in accordance with this Order.

10. <u>Manner of Use in Proceedings</u>:  Nothing in this Order shall prohibit a party from showing a witness during a deposition, trial, or hearing any document designated as containing information or data deemed Confidential so long as that witness is entitled to see the document in a manner that does not violate the terms of this Order or is authorized to view that document pursuant to Paragraphs 4 above. If a witness is entitled to view documents or information designated as Confidential, or provide testimony about such documents or information, the designating party shall have the right to have all persons, except the witness, counsel for the witness, and all individuals identified above in Paragraphs 4 excluded before the taking of testimony about the documents or information designated as Confidential.

11. <u>No Bar to Seeking Further Relief</u>.  Nothing in this Protective Order shall preclude any party from filing a motion seeking further or different protection from the

4815-3747-4360.1

Court or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

12. <u>Challenges</u>:

a. <u>Designation of Confidential Information</u>. A party shall not be obligated to challenge the propriety of a designation of Confidential or Information at the time such designation is made, and a failure to do so shall not preclude a subsequent challenge to the designation. In the event that any party to this Lawsuit disagrees at any stage of these proceedings with the designation of any information as Confidential, the parties shall first try to resolve the dispute in good faith on an informal basis, such as by production of redacted copies. If the dispute cannot be resolved, the objecting party may invoke this Order by objecting in writing to the party who designated the document or information as Confidential. The designating party shall then have 14 days to move the Court for an order preserving the designated status of the disputed information. The disputed information shall remain Confidential Information unless and until the Court orders otherwise. Failure to move for an order shall constitute a termination of the status of such item as Confidential Information.

b. <u>Persons to Whom Confidential Information May be Disclosed</u>: In the event that any party in good faith disagrees with the disclosure of Confidential Information to a particular person, the parties shall first try to resolve the dispute in good faith on an informal basis. If the dispute cannot be resolved, the objecting party may move the Court for an order denying the

person access to particular Confidential Information. The objecting person shall have the burden of demonstrating that disclosure to the disputed person would expose the objecting party to the risk of serious harm. Upon the timely filing of such a motion, no disclosure of Confidential Information shall be made to the disputed person unless and until the Court enters an order preserving the designation.

13.   <u>Obligations After Final Disposition</u>.   The provisions of this Protective Order shall, absent written permission of the producing party or further order of the Court, continue to be binding throughout and after the conclusion of this action, including any appeals or remands.  After the entry of an order, judgment or decree finally disposing of this action, including any appeals therefrom, and upon thirty (30) days' notice by the producing party, all persons having received Confidential Information shall return such materials and all copies thereof (including summaries and excerpts) to counsel for the producing party or shall certify destruction thereof.  The outside counsel for each party shall be entitled to retain court papers, deposition transcripts, and attorney work product that contains, reflects or summarizes Confidential Information, provided that such counsel, and employees of such counsel, shall not disclose any such Confidential Information to any person or entity except pursuant to a written agreement with the producing party.   All materials returned to the parties or their counsel by the Court likewise shall be disposed of in accordance with this Paragraph.

14.   <u>Protective Order Not Admission</u>.   By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it.  Furthermore, by producing or receiving information or

material designated "Confidential" Material or by otherwise complying with the terms of this Protective Order, such conduct shall not be construed as an admission as to the relevance, authenticity, foundation or admissibility of any document, material, transcript or other information.

15. **Inadvertent Production of Undesignated/Misdesignated Confidential Information**. As soon as the receiving party becomes aware of any inadvertent production of misdesignated Confidential Information, the information must be treated as if it had been timely and correctly designated under this Protective Order, and the receiving party must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to have access to such information, as well as any copies made by such persons.

16. **Modifications and Exceptions**: The parties may, by stipulation, provide for exceptions to this Order, and any party may seek an order of this Court modifying this Order.

17. **Binding Effect of Protective Order Before Entry by Court**. The Parties agree to be bound by the terms of this Order pending its entry by the Court, or pending entry of an alternative thereto. Any violation of the terms of this Stipulation prior to its entry, or prior to the entry of an alternative order, shall be subject to the same sanctions and penalties as if this Stipulation had been entered as an order of the Court.

18. **Obligations Under Subpoena in Other Action**. If a party is (a) subpoenaed in another action, (b) served with a demand in another action to which it is a party, or (c) served with any other legal process by one not a party to this action, seeking Confidential Information which it received from the other party, the Party so served shall give prompt,

written notice to the producing party, by hand or electronic service, within ten (10) business days of its receipt of such subpoena, demand, or legal process. The party so served shall also object to the production of the requested Confidential Information to the extent permitted by law. Should the person seeking access to the information or material take action against the party, or anyone else covered by this Protective Order to enforce such a subpoena, demand or other legal process, the party shall respond by setting forth the existence of this Protective Order. Nothing herein shall be construed as requiring the party, or anyone else covered by this Protective Order, to challenge or appeal any order requiring production of information or material covered by this Protective Order, or to subject itself to any penalties for noncompliance with any legal process or order, or to seek any relief from this Court.

IT IS SO ORDERED.

Dated this 16th day of September, 2016.

BY THE COURT:

*s/Cheryl R. Zwart*
Cheryl R. Zwart
United States Magistrate Judge

4815-3747-4360.1